IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOMINIC EUGENE HUNT, )<br>)<br>Defendant. ) | Case No. CR-19-073-R |

### ORDER

Before the Court is Defendant Dominic Hunt's Motion to Sever Offenses. Doc. No. 55. The Government has responded, Doc. No. 57, and Mr. Hunt has replied, Doc. No. 63. Upon review of the parties' submissions, the Court denies Mr. Hunt's motion.

I.  **Background**

On November 6, 2019, the Government filed its third superseding indictment as to Defendant Dominic Hunt. Doc. No. 41. Therein, Mr. Hunt was charged with nine offenses—seven based upon events in 2014, and two based upon events in 2019.

The 2014 offenses are based upon a search of Mr. Hunt's residence and vehicle that revealed marijuana and firearms. Those offenses include: Count 1–Drug User in Possession of a Firearm; Count 2–Maintaining a Drug Involved Premises; Count 3–Possession of Marijuana with Intent to Distribute; Count 4–Possession of a Firearm in Furtherance of a Drug Trafficking Crime; Count 5–Drug User in Possession of a Firearm; Count 6– Possession of Marijuana with Intent to Distribute, and; Count 7–Possession of a Firearm in Furtherance of a Drug Trafficking Crime. *Id.* The 2019 offenses are based upon two

separate incidents involving shootings in which Mr. Hunt is a suspect. Those offenses include: Count 8–Felon in Possession of Ammunition and Count 9–Felon in Possession of Ammunition.[1] *Id.*

In his motion, Mr. Hunt contends the Government misjoined the 2014 and the 2019 offenses pursuant to Federal Rule of Criminal Procedure 8(a) because the offenses are not of the same or similar character, based on the same act or transaction, or connected with or constitute parts of a common scheme or plan. *Id.* at 5–10. In the alternative, Mr. Hunt argues that joinder of the offenses creates undue prejudice pursuant to Rule 14 because he would not receive a fair and impartial trial. *Id.* at 10–14. The Government objects, contending that joinder was proper under Rule 8(a) and that prejudice will not result if all the offenses are tried in a single trial. Doc. No. 57.

## II. Improper Joinder

Federal Rule of Criminal Procedure 8(a) provides that offenses may be joined where they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." In considering whether offenses are properly joined, the Court "construe[s] Rule 8 broadly to allow liberal joinder to enhance the efficiency of the judicial system." *United States v. Johnson*, 130 F.3d 1420, 1427 (10th Cir. 1997).

---

[1] In 2015, Mr. Hunt pled guilty to one count of being an "Unlawful User of a Controlled Substance in Possession of a Firearm." Doc. No. 55, pp. 2–3. He was sentenced to twenty-seven months in federal detention and was released on January 11, 2018. *Id.* Accordingly, while Defendant was not a convicted felon at the time he allegedly committed the 2014 offenses, his status had changed by 2019.

Mr. Hunt contends that joinder of the 2014 and 2019 offenses is improper under each provision in Rule 8(a). Doc. No. 55. The Government responds by arguing that joinder is proper because the offenses are of the same or similar character. Doc. No. 57.

In applying the "same or similar character" test, the Tenth Circuit takes "a categorical approach, comparing the types of crimes charged rather than the temporal or evidentiary overlap between the offenses." 1A Wright & Miller, Federal Practice and Procedure § 144 (5th ed. 2020) (citing *United States v. Thomas*, 849 F.3d 906, 912 (10th Cir. 2017)).[2] Under that approach, the relevant 2014 and 2019 offenses are of a similar character. For purposes of Defendant's motion, the relevant offenses from 2014 include Count 1–Drug User in Possession of a Firearm and Count 5–Drug User in Possession of a Firearm. The offenses from 2019 comprise Count 8–Felon in Possession of Ammunition and Count 9–Felon in Possession of Ammunition.[3] The charges are clearly not the same. They are however, of a similar character: Each charge alleges a violation of 18 U.S.C. § 922(g), involving Mr. Hunt allegedly possessing a weapon as a prohibited individual. *See United States v. Janus Indus.*, 48 F.3d 1548, 1557 (10th Cir. 1995) (finding two separate counts to be of the same or similar character under Rule 8(a) because both counts involved drug offenses in violation of the same comprehensive act); *see also United States v.*

---

[2] In *Thomas*, the Tenth Circuit held that a 2010 robbery offense was properly joined with three 2013 robbery offenses—even though the offenses were based upon separate evidence and occurred three years apart. *United States v. Thomas*, 849 F.3d 906, 912 (10th Cir. 2017). The Circuit found the offenses to be of the same or similar character primarily because the offenses each involved the Defendant allegedly demanding money through the use of force or threat directed at a store employee. *Id.*

[3] Neither party suggests that Rule 8(a)'s joinder provisions require Counts 8 and 9—which make up the 2019 offenses—to be of the same or similar character as each count arising out of the 2014 offenses. Therefore, as the parties do in their briefing, the Court limits its analysis of Rule 8(a) to the 2014 and 2019 counts that the Government contends are properly joined because they are of the same or similar character. What's more, of the 2014 counts, 2-4 and 6-7 are of the same or similar character as Counts 1 and 5, in addition to being based on the same act or transaction and connected with or constituting parts of a common scheme or plan. Accordingly, those counts are properly joined in the instant action so long as Counts 1 and 5 are properly joined with the 2019 offenses because of their same or similar character.

*Fortenberry*, 919 F.2d 923 (5th Cir. 1990), *cert. denied,* 499 U.S. 930 (1991)(finding two separate counts to be of the same or similar character under Rule 8(a) because both counts involved a weapons violation).

Mr. Hunt asks the Court to evaluate the charges on a more granular level. *See* Doc. Nos. 55, 63. He argues that the 2014 weapons charges are not similar to the 2019 charges because the 2014 charges resulted from probable cause searches whereas the 2019 weapons charges resulted from shootings in which Mr. Hunt is a suspect. *Id.* Mr. Hunt's approach conflicts with the Court's mandate to construe Rule 8 broadly to allow liberal joinder. *See Johnson*, 130 F.3d at 1427. It is not an approach followed by the Tenth Circuit. *See, e.g., Thomas,* 849 F.3d at 912.

For the above-stated reasons, the Court finds that the Government properly joined the 2014 and the 2019 offenses pursuant to Rule 8(a) because the relevant offenses are of the same or similar character.

### III. Discretionary Severance

Even if joinder is proper under Rule 8, a district court may decide to order separate trials of counts "[i]f the joinder of offenses . . . appears to prejudice a defendant." *See* Fed. R. Crim. P. 14(a).  It is well established that "[t]he decision whether to grant or deny severance is within the sound discretion of the trial court." *Janus Indus.*, 48 F.3d at 1557 (internal quotation marks and citation omitted); *see also United States v. Olsen*, 519 F.3d 1096, 1103 (10th Cir. 2008). To show prejudice, "the defendant must demonstrate that his 'right to a fair trial is threatened or actually deprived.'" *Olsen*, 519 F.3d at 1103 (quoting *United States v. Johnson*, 130 F.3d 1420, 1427 (10th Cir.1997)). "'Neither a mere

allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spillover effect' . . . is sufficient to warrant severance.'" *United States v. Hack,* 782 F.2d 862, 8770 (10th Cir. 1986) (citations omitted).

In deciding a motion for severance, "the district court has a duty to weigh the prejudice resulting from a single trial of counts against the expense and inconvenience of separate trials." *Janus*, 48 F.3d at 1557. That duty is elevated here, where joinder of offenses is based upon their same or similar character. *See United States v. Muniz,* 1 F.3d 1018, 1023 (10th Cir. 1993). The prejudice to the defendant in this type of case "is more likely since proof of one crime may tend to corroborate the commission of the other crime in violation of the evidentiary rules . . . . Particularly since economizing judicial resources is not of great significance when the offenses were on different dates with different witness." *Id.*

What's more, the Supreme Court has recognized the risk of trying a felon-in-possession charge with other counts in a single trial. *See Currier v. Virginia*, 138 S. Ct. 2144, 2151 (2018). The risk, of course, is that a combined trial of a felon-in-possession count with other counts allows the prosecutor to inform the jury of a defendant's felony record, which could run afoul of Federal Rule of Evidence Rule 404(b)'s prohibition on propensity evidence. *See United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986). Nonetheless, severance is not presumptively required. *See United States v. Page*, 657 F.3d 126, 129–30 (2nd Cir. 2011) ("we . . . reject[ ] the notion that the fact of a prior felony conviction is so prejudicial that it necessarily precludes a fair trial."). "[A] defendant fails to meet his burden where: (1) [t]he . . . counts [are] separate and distinct, and the evidence

5

[to be] presented at trial [is] not too confusing or unfairly overlapping; (2) [t]he offenses took place on different dates at different locations, and different witnesses and evidence [are to be] presented on each count; and (3) the case for each count [is] strong enough on its own." *United States v. Maxwell*, 492 F. App'x 860, 866 (10th Cir. 2012) (internal quotation marks omitted).

As to the first prong enunciated in *Maxwell*, Mr. Hunt concedes that "the evidence between the 2014 offenses and the 2019 offenses is completely different without any overlap . . . ." Doc. No. 55, p. 12. In the same breath, however, he argues that "the jury will likely be unable to separate the evidence . . . and [will] most likely take the evidence as a whole to decide [his] fate." *Id.* The Court agrees with Mr. Hunt's initial concession. The 2014 and 2019 offenses, while of a similar character, are separate and distinct counts, and the evidence to be presented at trial—save one or two witnesses, *see* Doc. No. 57, p. 4 n.2—is unlikely to overlap or cause confusion. Doc. No. 57, p. 6.

Mr. Hunt continues, arguing that introduction of his felon status as required for a conviction on the 2019 charges will likely prejudice the jury when it deliberates on the 2014 charges, which involve Mr. Hunt's alleged conduct before his 2015 felony conviction. Doc. No. 63, p. 3. The Court understands Mr. Hunt's concern, but even when there is a risk of actual prejudice, "limiting instructions often will suffice to cure any risk of prejudice." *United States v. Jones*, 530 F.3d 1292, 1303 (10th Cir. 2008) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)); *see also United States v. Hutchinson*, 573 F.3d 1011, 1026 (10th Cir. 2009) ("[L]imiting instructions are ordinarily sufficient to cure potential prejudice." (quoting *United States v. Hardwell,* 80 F.3d 1471, 1487 (10th Cir. 1996))

(internal quotation marks omitted). This is because "juries are presumed to follow their instructions." *United States v. Zafiro*, 506 U.S. 534, 540 (1993) (quoting *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)).

Mr. Hunt asserts that limiting instructions will not suffice. Doc. No. 63, p. 4. He argues that the only remedy is to sever the 2014 and 2019 Counts for two separate trials because the Government "would likely be unable to admit any evidence of Mr. Hunt's felon status" in a trial concerning the 2014 charges. *Id.* Mr. Hunt is incorrect. If the Court granted separate trials, the evidence of Mr. Hunt's 2015 felony conviction would be admissible in a trial concerning his 2014 charges under Federal Rule of Evidence 404(b). Mr. Hunt's 2014 charges involve drugs and illegal possession of firearms. Doc. No. 41. Mr. Hunt's 2015 felony conviction also involved drugs and illegal possession of firearms. Doc. No. 55, pp. 2–3. Due to this similarity, Mr. Hunt's 2015 conviction can be used to prove knowledge and intent. Fed. R. Evid. 404(b); *see e.g., United States v. Moran*, 503 F.3d 1135, 1143–44 (10th Cir. 2007) (finding evidence of defendant's prior conviction for prohibited firearm possession admissible as Rule 404(b) evidence to prove knowledge, intent, and absence of mistake or accident because the other act was sufficiently similar to have probative value); *United States v. Hogue*, 827 F.2d 660, 663 (10th Cir. 1987) (noting that subsequent acts may be admissible as Rule 404(b) evidence).

The Court acknowledges that a request to admit Mr. Hunt's 2015 conviction in a trial concerning his 2014 charges would also require a balancing determination pursuant to Rule 403. *See United States v. Hogue*, 827 F.2d 660 (10th Cir. 1987). Evidence that is otherwise admissible under Rule 404 may nonetheless be excluded under Rule 403 "if its

7

probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Here, the Court finds that Rule 403 balancing would not result in the exclusion of Mr. Hunt's 2015 felony conviction. Admission of that conviction would likely generate a specific inference that "does not require a jury to first draw the forbidden general inference of bad character . . .; rather, it would [likely] rest[] on a logic of improbability that recognizes that a prior [or subsequent] act involving the same knowledge decreases the likelihood that the defendant lacked the requisite knowledge in committing the charged offense." *United States v. Moran*, 503 F.3d 1135, 1145 (10th Cir. 2007). "Moreover, when other-act evidence is admitted for a proper purpose and is relevant, it may be admissible even though it has 'the potential impermissible side effect of allowing the jury to infer criminal propensity.'" *Id.* (quoting *United States v. Cherry,* 433 F.3d 698, 701 n.3 (10th Cir. 2005)).

As to the second prong, Mr. Hunt acknowledges that the offenses took place on different dates, at different locations, and that, for the most part, different witnesses and evidence will be used. Doc. Nos. 55, 63.

Finally, as to the third prong, Mr. Hunt speculates that the Government added the 2014 offenses to the third superseding indictment because the evidence for the 2014 offenses is stronger than the evidence for the 2019 offenses. Doc. No. 55, p. 13. In particular, he argues that the case for the 2019 offenses is weak on its own because it relates to shootings where no firearm was found. In one of the shootings, he claims several people around the victim were alleged to be holding firearms. *Id.* In the other, he claims that there is only one eyewitness inculpating him in the crime. *Id.* The Government responds arguing

that they have physical evidence, forensic evidence, statements made by Mr. Hunt, and eyewitness testimony for each set of offenses. Doc. No. 57, pp. 6–7. The Court finds that while the evidence for the 2014 offenses might indeed be stronger than the evidence for the 2019 offenses, that alone does not create actual prejudice. The evidence for the 2019 offense consists of, among other things, bullet cartridge casings and eye-witness testimony, and is strong enough on its own. *See Maxwell*, 492 F. App'x at 866.

At bottom, Mr. Hunt has not met his burden to show that his right to a fair trial would be threatened or actually deprived by the joinder of his 2014 and 2019 offenses. To the extent that he has demonstrated any potential prejudice, that prejudice can be remedied by the Court's limiting instruction and thus it does not outweigh the expense and inconvenience of severance. *See Janus*, 48 F.3d at 1557. Ordering separate trials would require the summoning and selection of two juries, at twice the expense to the Government, and it would consume more of the Court's time and resources, as well as that of the federal prosecutors and court-appointed counsel. Both Mr. Hunt's right to trial, and the efficiency of the judicial system are protected by ordering a single trial.

IV. **Conclusion**

For the foregoing reasons, the Court denies Defendant Dominic Hunt's Motion to Sever Offenses, Doc. No. 55.

**IT IS SO ORDERED** this 2nd day of June 2020.

*David L. Russell* (signature)
**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**