IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CR-19-073-R |
| | ) | |
| DOMINIC EUGENE HUNT, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's letter [Doc. 187], which the Court construes as seeking both an extension of time to file a motion under 28 U.S.C. § 2255 and the appointment of counsel.[1]

Section 2255 imposes a one-year statute of limitations for federal prisoners to bring a motion seeking post-conviction relief. 28 U.S.C. § 2255(f). The limitation period runs from the latest of four specified dates. *Id*. In most cases, the operative date for measuring the limitation period is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).[2] "A defendant's conviction is final 90 days after the date of the order affirming defendant's conviction on direct appeal unless defendant files a timely petition for a writ of certiorari." *United States v. Butler*, No. 05-CR-0004, 2009 WL 204203, at *1 (N.D. Okla. Jan. 23, 2009). Defendant Hunt's conviction became final on June 24, 2023. *See* Doc. 184. Therefore, he has until June 24, 2024, to file his § 2255 motion.

---

[1] Because Defendant is a *pro se* litigant, the Court affords his materials a liberal construction, but it does not act as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).
[2] The motion does not assert that any of the other limitation periods might apply.

Defendant Hunt now requests a 90-day extension of this deadline, but the Court lacks the authority to grant such an extension. "Congress has expressly limited the time in which a prisoner can bring a § 2255 motion to one year after his conviction becomes final, and any extension of this time period contravenes Congress' clear intent to accelerate the federal habeas process." *Washington v. United States*, 221 F.3d 1354 (10th Cir. 2000) (unpublished). A district court therefore "has no authority to grant an extension of time to file a § 2255 motion." *Butler*, 2009 WL 204203, at *1; *see also United States v. Freeman*, No. 13-20070-01, 2021 WL 980409, at *2 (D. Kan. Mar. 16, 2021) ("[T]he court lacks the authority to extend the deadline for a prisoner to bring a § 2255 motion.").[3]

Additionally, the Court declines to appoint counsel for Defendant in pursuing a Section 2255 motion. "There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]" *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Defendant will be entitled to counsel only if he demonstrates that an evidentiary hearing is necessary on his potential habeas motion. *See id.*; 18 U.S.C. § 3006A(2)(B).

Accordingly, Defendant Hunt's Motion [Doc. 187] is DENIED.

**IT IS SO ORDERED** this 13th day of June 2023.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] The Court notes the one-year limitation period may be subject to equitable tolling if "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Moore v. Gibson*, 250 F.3d 1295, 1299 (10th Cir. 2001) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). The propriety of equitable tolling is decided only when the § 2255 motion is actually filed. *United States v. Verners*, 15 F. App'x 657, 660 (10th Cir. 2001).